UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KOUNTA OUSMANE, | |
|---|---|
| Plaintiff, | No. C11-0344 BHS/KLS |
| v. | ORDER TO AMEND OR TO SHOW CAUSE |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

This action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4.  The case is before the Court for review of the complaint of Kounta Ousmane.  Plaintiff is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]  Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983.  However, it appears that the complaint is more properly construed as a civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), because Plaintiff is seeking to proceed against federal actors.

**DISCUSSION**

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted.  *Wong v. Bell*, 642 F.2d

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

ORDER - 1

359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Ousmane's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give him an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the

ORDER - 2

Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor.  See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991).  42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).   A *Bivens* claim is not available against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Here, Plaintiff appears to allege that deportation officers at the NWDC violated his due process rights by interfering with his ability to obtain the travel documents necessary for him to be removed to his native country.  He seeks damages for what he claims is his ongoing unlawful detention.  However, he fails to name any deportation officers as Defendants.  Instead, he names only BICE.  As noted above, however, a *Bivens* claim is not available against a federal agency.

In addition, to the extent Plaintiff seeks to challenge his detention as unlawful, his sole remedy is a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In *Heck*, the United States Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful.  *See id*. at 486-87.  A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See id*.  The *Heck* rule also prevents a person from bringing an action that - even if it does not directly challenge the conviction - would imply that the conviction was invalid.  The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed.

Although *Heck* was a civil rights action under 42 U.S.C. § 1983, the rationale and conclusion of *Heck* apply in cases brought under *Bivens* as well as § 1983.  *See Martin v. Sias*,

ORDER - 3

88 F.3d 774, 775 (9th Cir. 1996). *Heck* is also not limited to just those who have been convicted or sentenced. *Heck* also applies in the pretrial setting and bars claims which necessarily implicate the validity of pending criminal charges. *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000). A civil claim for damages which necessarily implicates the validity of pending criminal charges does not accrue until after one has succeeded in the criminal justice realm.

Thus, *Heck* may bar Plaintiff's claims because they implicate the validity of pending criminal charges for immigration law violations. Plaintiff's claims for damages in this action will not accrue under *Heck,* unless or until he prevails in his immigration proceedings or he is granted habeas relief pursuant to 28 U.S.C. § 2241. *See Contreras v. Schiltgen,* 122 F.3d 30, 32-33 (9th Cir. 1997) (until plaintiff successfully overturned state conviction, former Immigration and Naturalization Service was entitled to rely on conviction as basis for custody and eventual deportation), *aff'd on add'l grounds Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir. 1998).

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than May 6, 2011.** If Plaintiff files an amended complaint under *Bivens*, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

    (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    (2) the dates on which the conduct of each Defendant allegedly took place; and

    (3) the specific conduct or action Plaintiff alleges is unconstitutional.

ORDER - 4

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and contain the same case number as this one.**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  12th  day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5