UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOUNTA OUSMANE,<br><br>                    Plaintiff,<br><br>     v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                    Defendant. | No. C11-0344 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  June 10, 2011** |

This action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4.  Plaintiff is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]  Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983, which the Court construes as a civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), because Plaintiff is seeking to proceed against federal actors.  After review of the complaint, Plaintiff was directed to amend or to show cause why his complaint should not be dismissed for failure to state a claim.  ECF No. 10.  Plaintiff filed an amended complaint as ordered (ECF No. 11); however, the amended complaint suffers from the same deficiencies.

**BACKGROUND**

On March 30, 2011, Plaintiff was granted leave to proceed *in forma pauperis* and his civil rights complaint was docketed.  ECF Nos. 8 and 9.  In his complaint, Plaintiff appeared to

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

REPORT AND RECOMMENDATION - 1

allege that deportation officers at the NWDC violated his due process rights by interfering with his ability to obtain the travel documents necessary for him to be removed to his native country. He sought damages for what he claims is his ongoing unlawful detention. Only the Bureau of Immigration and Customs Enforcement (BICE) was named as a Defendant. Upon review, the Court found the complaint to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under *Bivens.* ECF No. 10. In particular, the Court noted that a *Bivens* claim is not available against a federal agency and that to the extent he seeks to challenge his detention as unlawful, his sole remedy is a writ of habeas corpus. *Id.*, p. 3 (*citing Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In his Amended Complaint, Plaintiff again names BICE as Defendant, and adds Robert Mason (Deportation Officer), Thomas Gills (ICE Supervisor), and De Lapaz (ICE Deportation Officer) as Defendants. ECF No. 11, pp. 2-3. Plaintiff, who is a native of Guinea, claims that he wanted to be deported to France. Although he presented copies of his French passport and certificates of citizenship from France, he claims that travel to France was refused because Robert Mason gave "conflicting" information to the French Consulate, including an alias that Plaintiff had used in the past. Plaintiff alleges that he gave Robert Mason all the necessary papers requested, that it took him over eight months to contact his family to obtain necessary documentation because the NWDC phone protocol is difficult for non-English speaking persons, and now the authenticity of the documents he finally obtained from his family is being questioned. *Id.*, pp. 6-7. Plaintiff claims that he has been detained over 50 months because of Mr. Mason. He also alleges that Mr. Mason lied in a post-order custody review worksheet resulting in Plaintiff's continued custody. He states that ICE officials did not interview him or

REPORT AND RECOMMENDATION - 2

give notice of the review, an opportunity to review the facts or notified of a right to an administrative appeal. *Id.*, p. 9. Plaintiff claims that Robert Mason has subjected him to harassment and humiliation. *Id.*, p. 11. He claims that his case has continued for over twenty five years based on mistakes made by ICE. *Id.*

The Court takes notice that Plaintiff is currently challenging his continued detention and treatment received by Robert Mason and other ICE officials in a Petition for Writ of Habeas Corpus filed in this Court in Case No. 11-266-MJP-BAT.

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

REPORT AND RECOMMENDATION - 3

to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor.  See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). 42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).  A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

As Plaintiff was previously advised, a *Bivens* claim is not available against the BICE.  In addition, any claims against individual defendants on the basis that they supervised the deportation investigation is without merit as *respondeat superior* liability does not lie in *Bivens* actions.  *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991).  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (emphasis added).

More importantly, as Plaintiff is clearly seeking to challenge the lawfulness of his continued detention, his sole remedy is a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129

REPORT AND RECOMMENDATION - 4

L.Ed.2d 383 (1994).  In *Heck*, the United States Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful.  *See id.* at 486-87.  A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See id*.  The *Heck* rule also prevents a person from bringing an action that - even if it does not directly challenge the conviction - would imply that the conviction was invalid.  The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed.

In his amended complaint, Plaintiff asks the Court to prosecute Robert Mason for human rights violations and demands $3 million as compensation for his "illegal detention" as "the 4 years I have spent here cannot be given back to me."  ECF No. 11, p. 4.

Plaintiff's attempt to characterize his complaint as one for human rights violations is to no avail as such a claim would "necessarily imply the invalidity" of his continuing detention.  *Heck*, 512 U.S. at 487.  In other words, if Plaintiff can show, for example, that Robert Mason has conspired to keep him detained by providing conflicting information to authorities, this would "necessarily imply the invalidity" of his detention.

Although *Heck* was a civil rights action under 42 U.S.C. § 1983, the rationale and conclusion of *Heck* apply in cases brought under *Bivens* as well as § 1983.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  *Heck* is also not limited to just those who have been convicted or sentenced.  *Heck* also applies in the pretrial setting and bars claims which necessarily implicate the validity of pending criminal charges.  *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000).  A civil claim for damages which necessarily implicates the validity of pending

REPORT AND RECOMMENDATION - 5

criminal charges does not accrue until after one has succeeded in the criminal justice realm. Thus, *Heck* bars Plaintiff's claims for damages because they implicate the validity of the ICE investigation and his continued detention. Plaintiff's claims for damages in this action will not accrue under *Heck,* unless or until he prevails in his immigration proceedings or he is granted habeas relief pursuant to 28 U.S.C. § 2241. *See Contreras v. Schiltgen,* 122 F.3d 30, 32-33 (9th Cir. 1997) (until plaintiff successfully overturned state conviction, former Immigration and Naturalization Service was entitled to rely on conviction as basis for custody and eventual deportation), *aff'd on add'l grounds Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir. 1998). In fact, as noted above, Plaintiff is simultaneously pursuing a Petition for Writ of Habeas Corpus in this Court in Case No. 11-266-MJP/BAT.

## CONCLUSION

Plaintiff has failed to state a cognizable *Bivens* claim. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 10, 2011** as noted in the caption.

**DATED** this __23rd__ day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6